Daniel L. Warshaw, CSB #185365
Email: dwarshaw@pswlaw.com
Michael H. Pearson, CSB #277857
Email: mpearson@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Beth E. Terrell, CSB #178181
Email:  bterrell@terrellmarshall.com
Jennifer Rust Murray, *pro hac vice* application forthcoming
Email: jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA BONAVENTURE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CMRE FINANCIAL SERVICES, INC., <br><br> Defendant. | NO. <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227

1   Plaintiff, Emma Bonaventure, by her undersigned counsel, for this class

2   action Complaint against Defendant, CMRE Financial Services, Inc., and its

3   present, former, or future direct and indirect parent companies, subsidiaries,

4   affiliates, agents, and/or other related entities (hereinafter referred to as

5   "Defendant" or "CMRE"), alleges as follows:

6   **I.  NATURE OF ACTION**

7   1.     Plaintiff, individually and as a class representative for all others

8   similarly situated, brings this action against CMRE for violations of the Telephone

9   Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

10   **II.  PARTIES**

11   2.     Plaintiff, Emma Bonaventure ("Plaintiff"), is a natural person and a

12   citizen of California, residing in San Bernardino County, California.

13   3.     Defendant, CMRE Financial Services, Inc., is a California corporation

14   with its principal place of business in Brea, California. Defendant is registered to

15   do and is doing business in California and throughout the United States.

16   **III.  <u>JURISDICTION AND VENUE</u>**

17   4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

18   1331 because Plaintiff's claims arise under the laws of the United States,

19   specifically 47 U.S.C. § 227.

20   5.     This Court has personal jurisdiction over Defendant because it has

21   submitted to California jurisdiction by registering with the Secretary of State to do

22   business in the state of California, and a substantial part of the wrongful acts

23   alleged in this Complaint were committed in California.

24   6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

25   because a substantial part of the events or omissions giving rise to Plaintiff's

26   claims occurred in this District.

27

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

10.    On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 2

11.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

12.     Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## V. <u>FACTUAL ALLEGATIONS</u>

**A.     Factual Allegations Regarding Defendant**

13.     CMRE Financial Services, Inc. "provides accounts receivables management services to healthcare organizations." *See* https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=3096 8973  (last visited October 23, 2018).

14.     Part of Defendant's strategy for collecting debt for healthcare organizations involves the use of an automatic telephone dialing system ("ATDS"), which "means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

15.     When a called party answers one of Defendant's calls, the call is routed to a live collection agent.

16.     When a called party does not answer Defendant's calls, Defendant leaves a pre-recorded voicemail for the called party.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 3

17.     Defendant makes calls using an ATDS or prerecorded voice to cellular telephone numbers whose owners have not provided prior express consent to receive such calls.

18.     Defendant also makes calls using an ATDS or prerecorded voice to cellular telephone numbers whose owners have revoked any prior express consent to receive such calls.

19.     Numerous consumers have complained about Defendant's aggressive collection tactics, including placing collection calls without the call recipient's consent. One website called DebtHelp Center reports that as of December 27, 2018 it had archived 788 consumer complaints against Defendant, including complaints about harassing communication. https://www.debthelpcenter.org/cmre-financial-services-inc/.

20.     In addition, the CFPB has received complaints about Defendant's unlawful calling, including the following:

- 4/9/2018: I received a letter from CMRE Financial Services, Inc. stating that a collection from XXXX XXXX XXXX was placed with them. Immediately, I notified CMRE (by USPS Priority Mail with Tracking) that I did not recognize the charge, did not recognize the amount, and had no recollection of any of this. This was delivered to them, as indicated by the tracking number on the package. In this letter, I not only asked for debt validation, but advised them to only contact me through written correspondence, as I am unable to take phone calls, and doing so could risk my husband's employment. Instead of acknowledging receipt, they sent an additional collection notice on XX/XX/XXXX WELL AFTER receipt of my

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 4

letter indicating I would need validation. To add further insult to injury, they now have begun to attempt to communicate by phone. None of this is acceptable, and a gross exaggeration of their duties, while violating my rights.

- 5/31/2018: The company calls daily, sometimes under spoofed number, sometimes up to twice a day. During work, during dinner. The most recent was around noon from XXXX. Once I answered when they called under a spoofed number in my area code and the operator was rude and misleading, saying that I needed to contact the original creditor to work something out. I couldn't even verify that this is indeed my debt, I think it belongs to my brother. Before I hung up on the operator, I explicitly said "Please do not call me again." I still get daily calls.

- 12/14/17: COLLECTOR KEEPS CALLING MY CELL, FAILED TO VALIDATE SAID DEBT, WENT ON CREDIT REPORT WITHOUT VALIDATING AND ZOMBIE DEBT. SEVERAL VIOLATIONS OF DODD-FRANK ACT.

- 1/18/2016: These people are contacting me for a bill of $46 that has already been paid. They refuse to respond in writing (as I have requested numerous times) so now I will be forced to file a complaint with the FTC. Please do not have a phone conversation with these scam artists! Contact them only in writing!!!!! Keep records of all communication that you have!

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 5

**B.      Factual Allegations Regarding Plaintiff**

21.      On March 22, 2017, Plaintiff suffered from an ischemic stroke. Plaintiff was flown to Antelope Valley Emergency Hospital for an emergency procedure.

22.      Antelope Valley Emergency Hospital billed Plaintiff for its services and Plaintiff paid these bills.

23.      Plaintiff is the holder and owner of a cellular phone. The cell phone service provider for Plaintiff's cellular phone is AT&T. The telephone number for Plaintiff's cellular phone ends in "3092".

24.      Defendant called Plaintiff's cellular telephone in its attempt to collect payment of monies allegedly owed to Antelope Valley Emergency Hospital for services related to Plaintiff's stroke.

25.      Defendant began placing calls to Plaintiff's Cellular Phone to collect the alleged debt as early as May 2018.

26.      Defendant also sent Plaintiff at least one written notice informing her that she allegedly owed Antelope Valley Emergency Hospital money.

27.      Defendant also reported the Plaintiff as delinquent on her payments to Antelope Valley Emergency Hospital to at least one credit reporting agency.

28.      On or around late May or early June, 2018, Plaintiff verbally advised Defendant that she did not owe the debt and to cease and desist all calls.

29.      In a letter dated June 6, 2018, Plaintiff advised the Defendant in writing to cease and desist all calls (hereinafter "Cease and Desist Letter"). Defendant received Plaintiff's Cease and Desist Letter on June 11, 2018.

30.      Despite Plaintiff's verbal and written requests to Defendant to cease calls, Defendant continued to call Plaintiff's cellular phone, on dates including but not limited to: December 18, 2018; December 4, 2018; October 29, 2018; October

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 6

10, 2018; August 23, 2018; August 7, 2018; July 23, 2018; July 10, 2018; and June 7, 2018

31.    Defendant left Plaintiff a pre-recorded voicemail for the calls referenced in Paragraph 30 that Plaintiff did not answer. Consequently, many if not all of Defendant's calls made to Plaintiff's cellular phone were made using an artificial or pre-recorded voice.

32.    When Plaintiff answered the calls that Defendant placed, she heard a standard pause and gap before a live operator was available. Consequently, on information and belief, many if not all of the calls Defendant made to Plaintiff's cellular phone, including but not limited to the calls listed in Paragraph 30 above, were made using an ATDS and/or artificial or prerecorded voice.

33.    Defendants did not obtain prior express consent to call Plaintiff's cellular phone for purposes of attempting to collect a debt. Alternatively, any prior express consent obtained was revoked by Plaintiff's affirmative act of demanding, both verbally and in writing, that Defendant cease and desist calling Plaintiff on her cellular telephone.

34.    Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

35.    Defendant has made a significant number of similar ATDS generated and/or automated or pre-recorded calls to persons on their cellular telephones in California and throughout the entire United States.

36.    Defendant intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in California and throughout the entire United States.

37.    Plaintiff's medical emergency on March 22, 2017 and her subsequent treatment and recovery have been life changing. Plaintiff has not only struggled with her health but has also been forced to endure unforeseen financial burdens as

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 7

1   a result of her medical emergency. Consequently, Defendant's false allegations and

2   harassing calls despite receiving multiple cease and desist requests have caused

3   significant distress and agony to the Plaintiff. Plaintiff feels helpless, embarrassed,

4   and harassed as a direct result of Defendant's illegal conduct including the calls

5   placed in violation of the Telephone Consumer Protection Act.

6        38.    Additionally, Plaintiff and members of the Class, described in

7   Paragraph 39 below, have been damaged by these illegal calls because their

8   privacy has been violated, minutes were used from their cellular telephone plans,

9   and they were forced to spend time tending to annoying and harassing calls that

10  constitute a nuisance. Furthermore, Plaintiff and members of the Class also

11  incurred injury including but not limited to postage cost, value of time spent in an

12  attempt to resolve this dispute with Defendant, and cost of fuel and mileage

13  incurred as a direct result of Defendant's actions.

14              **VI.  CLASS ACTION ALLEGATIONS**

15       39.    Class Definition.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this

16  case as a class action on behalf of a class (hereinafter referred to as the "Class")

17  defined as follows:

18              All persons in the United States to whom Defendant
19              and/or a third party acting on Defendant's behalf, (a)
20              made one or more non-emergency telephone calls; (b) to
                their cellular telephone number; (c) through the use of an
21              automatic telephone dialing system or an artificial or
22              prerecorded voice; and (d) at any time in the period that
                begins four years immediately preceding the date of
23              filing of this Complaint and ends on the date of trial.

24  Collectively, all of these persons will be referred to as members of the Class.

25  Plaintiff represents, and is a member, of the Class.

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 8

40.     Excluded from Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

41.     <u>Numerosity</u>. Plaintiff does not know the exact number of members in the Class but Plaintiff reasonably believes that the Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

42.     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.     As to Plaintiff and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.     As to Plaintiff and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using and ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

c.     As to Plaintiff and the Class, whether Defendant is liable for ATDS generated and/or automated or prerecorded calls attempting to collect a debt; and

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 9

d.      As to Plaintiff and the Class, whether Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

43.    Typicality.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

44.    Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

45.    Predominance.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

46.    Superiority.  A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were made using an automated dialing system and/or a pre-recorded voice. Class treatment is superior to multiple individual suits or piecemeal litigation because it

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 10

1  conserves judicial resources, promotes consistency and efficiency of adjudication,

2  provides a forum for small claimants, and deters illegal activities. There will be no

3  significant difficulty in the management of this case as a class action.

4     47. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted

5  on grounds generally applicable to the Class, thereby making final injunctive relief

6  and corresponding declaratory relief with respect to the Class appropriate on a

7  classwide basis. Moreover, on information and belief, Plaintiff alleges that the

8  automated or pre-recorded voice calls made by Defendant and/or its affiliates,

9  agents, and/or other persons or entities acting on Defendant's behalf that are

10  complained of herein are substantially likely to continue in the future if an

11  injunction is not entered.

12  <b>VII. <u>CAUSES OF ACTION</u></b>

13  <b><u>FIRST COUNT</u></b>

14  <b><u>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u></b>

15  <b><u>47 U.S.C. § 227(b)(1)(A)</u></b>

16     48. Plaintiff realleges and incorporates by reference each and every

17  allegation set forth in the preceding paragraphs.

18     49. The foregoing acts and omissions of Defendant and/or its affiliates,

19  agents, and/or other persons or entities acting on Defendant's behalf constitute

20  numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by

21  making calls, except for emergency purposes, to the cellular telephone numbers of

22  Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded

23  voice.

24     50. As a result of Defendant's and/or its affiliates, agents, and/or other

25  persons or entities acting on Defendant's behalf violations of 47 U.S.C. §

26  227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an

27  award of $500 in statutory damages for each and every call to their cellular

telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

52.    Plaintiff and members of the Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

53.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

55.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 12

1   56.    Plaintiff and members of the Class are also entitled to and do seek
2   injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other
3   persons or entities acting on Defendant's behalf from violating the TCPA, 47
4   U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any
5   cellular telephone numbers using an ATDS and/or artificial or prerecorded in the
6   future.

7   57.    Plaintiff and members of the Class are also entitled to an award of
8   attorneys' fees and costs.

9   **VIII.  PRAYER FOR RELIEF**

10  WHEREFORE, Plaintiff, on her own behalf and on behalf of the members
11  of the Class, prays for judgment against Defendant as follows:

12  A.    Certification of the proposed Class;

13  B.    Appointment of Plaintiff as representative of the Class;

14  C.    Appointment of the undersigned counsel as counsel for the Class;

15  D.    A declaration that Defendant and/or its affiliates, agents, and/or other
16  related entities' actions complained of herein violate the TCPA;

17  E.    An order enjoining Defendant and/or its affiliates, agents and/or other
18  related entities, as provided by law, from engaging in the unlawful conduct set
19  forth herein;

20  F.    An award to Plaintiff and the Class of damages, as allowed by law;

21  G.    An award to Plaintiff and the Class of attorneys' fees and costs, as
22  allowed by law and/or equity;

23  H.    Leave to amend this Complaint to conform to the evidence presented
24  at trial; and

25  I.    Orders granting such other and further relief as the Court deems
26  necessary, just, and proper.

27

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 13

## IX.  **DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 9th day of January, 2019.

TERRELL MARSHALL LAW
  GROUP PLLC

By:  /s/ Beth E. Terrell, CSB #178181
  Beth E. Terrell, CSB #178181
  Email:  bterrell@terrellmarshall.com
  Jennifer Rust Murray,
  *pro hac vice application forthcoming*
  Email: jmurray@terrellmarshall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103-8869
  Telephone: (206) 816-6603
  Facsimile: (206) 319-5450

  Daniel L. Warshaw, CSB #185365
  Email: dwarshaw@pswlaw.com
  Michael H. Pearson, CSB #277857
  Email: mpearson@pswlaw.com
  PEARSON, SIMON & WARSHAW, LLP
  15165 Ventura Boulevard, Suite 400
  Sherman Oaks, California 91403
  Telephone: (818) 205-2805
  Facsimile: (818) 788-8104

  Syed Ali Saeed ,
  *pro hac vice application forthcoming*
  Email:  ali@sllawfirm.com
  SAEED & LITTLE, LLP
  1433 North Meridian Street, Suite 202
  Indianapolis, Indiana 46202
  Telephone: (317) 614-5741
  Facsimile:  1-888-422-3151

  *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 14