**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
5901 W. Century Blvd. #1200
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222
Attorneys for Defendant,
CMRE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA BONAVENTURE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CMRE FINANCIAL SERVICES, INC.<br><br>Defendant. | Case No.: 3:19-cv-00055-JLS-DJM<br><br>**STIPULATION TO DISMISS** |

    1.    Plaintiff Emma Bonaventure and Defendant CMRE Financial Services, Inc., by and through their undersigned counsel, submit this Stipulation of Dismissal pursuant to the Court's September 20, 2019 Order Denying Stipulation to Dismiss Case (ECF No. 34).

2. A copy of the parties' Settlement Agreement and General Release ("Settlement Agreement") dated as of July 24, 2019, is filed concurrently herewith and filed under seal.

3. The parties hereby stipulate and agree as follows:

Plaintiff filed her class action complaint on January 9, 2019, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The proposed class has not been certified. The parties resolved this putative class action on individual basis under the terms and conditions set forth in the Settlement Agreement.

4. "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called Diaz factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

5. As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action. Media attention regarding the action has been sparse. An online

search reveals only online mentions on www.law360.com, www.docketbird.com and www.courtlistener.com.

6.  Plaintiff is not aware of any other media attention and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. *See Wallace v. Universal Fid. LP*, No. C13-0437JLR, 2013 WL 5487001, at *1 (W.D. Wash. Sep. 28, 2013) (crediting the "very early stage" of the settlement in finding that the first Diaz factor was met); *Houston v. Cintas Corp.*, No. C 05-3145 JSW, 2009 WL 921627, at *2 (N.D. Cal. April 3, 2009) (approving settlement and dismissal without notice; "although there has been some publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name, it has been minimal."). Relatedly, neither this Court nor any party or counsel has issued any notice to members of the proposed class. *Wallace*, 2013 WL 5487001, at *1 (further crediting "absence of previous notice to class members").

7.  As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual claims based on the same facts and circumstances. *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action complaint. Further, the TCPA has a four-year statute of limitations. Plaintiff filed her Complaint on January 9, 2019, only eight months after the May 2018 calls at issue. Thus, consumers have ample time to bring class claims if they choose. *See Tombline*, 2014 WL 5140048 at *3 (finding second *Diaz* factor satisfied where "parties state that a bar is not about to fall under an imminent limitations period").

8.  As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the

putative class. The settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement did not release claims of unnamed putative class members nor prejudice their rights. *See, e.g.*, Settlement Agreement ¶ 2. Under these circumstances, unnamed class members are not prejudiced. *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 WL 1374582, at *6 (N.D. Cal. Apr. 17, 2017) (citation omitted).

9. Defendant asserts that it had prior express consent to call Plaintiff, and that individual determination of whether Defendant's documentation was sufficient would dominate litigation of this putative class.

10. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement Agreement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

11. WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing plaintiff's class claims without prejudice.

IT IS SO STIPULATED.

RESPECTFULLY SUBMITTED AND DATED this 9th day of October, 2019.

| TERRELL MARSHALL LAW GROUP PLLC | CARLSON & MESSER LLP |
|---|---|
| By: /s/ Beth E. Terrell, CSB #178181<br>Beth E. Terrell, CSB #178181<br>Email: bterrell@terrellmarshall.com<br>Jennifer Rust Murray, *Admitted Pro Hac Vice*<br>Email: jmurray@terrellmarshall.com | By: /s/ David J. Kaminski, #128509<br>Charles R. Messer, CSB 101094<br>Email: messerc@cmtlaw.com<br>David J. Kaminski, CSB 128509<br>Email: kaminskid@cmtlaw.com<br>Stephen A. Watkins, CSB 205175 |

{00123786;1}

| | |
|---|---|
| Adrienne D. McEntee, *Admitted Pro Hac Vice*<br>Email: amcentee@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 | Email: watkinsS@cmtlaw.com<br>5901 W. Century Blvd., #1200<br>Los Angeles, California 90045<br>Telephone: (310) 242-2200<br><br>*Attorneys for Defendant* |

Daniel L. Warshaw, CSB #185365
Email: dwarshaw@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 205-2805
Facsimile: (818) 788-8104

Syed Ali Saeed, *Admitted Pro Hac Vice*
Email: ali@sllawfirm.com
SAEED & LITTLE, LLP
1433 North Meridian Street, Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: 1-888-422-3151

*Attorneys for Plaintiff*

## ATTESTATION AND CERTIFICATE OF SERVICE

I, David J. Kaminski, am the ECF user whose identification and password are being used to file the Joint Stipulation to Dismiss. I hereby attest that all counsel whose electronic signatures in the Stipulation provided their authority and concurrence to file that document.

October 9, 2019                             /s/ David J. Kaminski
                                                        David J. Kaminski

{00123786;1}